ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| OFICINA INDEPENDIENTE DE PROTECCIÓN AL CONSUMIDOR<br><br>Recurrida<br><br>v.<br><br>LUMA ENERGY, LLC.; LUMA ENERGY SERVCO, LLC.<br><br>Recurrente | TA2025RA00345 | *Revisión Administrativa* procedente de la Junta Reglamentadora de Servicio Público, Negociado de Energía de Puerto Rico<br><br>Caso Núm. NEPR-QR-2025-0252<br><br>Sobre: Solicitud de Orden de Cese y Desista |
| LUMA ENERGY, LLC.; LUMA ENERGY SERVCO, LLC.<br><br>Recurrente<br><br>v.<br><br>OFICINA INDEPENDIENTE DE PROTECCIÓN AL CONSUMIDOR en representación de JAVIER SIERRA VÁZQUEZ<br><br>Recurrida | CONSOLIDADO<br><br>CON:<br><br>TA2025RA00396 | *Revisión Administrativa* procedente de la Junta Reglamentadora de Servicio Público, Negociado de Energía de Puerto Rico<br><br>Caso Núm. NEPR-QR-2025-0317<br><br>Sobre: Incumplimiento con la Ley de Transformación y Alivio Energético, Ley 57-2014, según enmendada, y la Ley de Política Pública Energética, Ley Núm. 17-2019 |
| OFICINA INDEPENDIENTE DE PROTECCIÓN AL CONSUMIDOR en representación de ANA M. PEDRAZA VÁZQUEZ<br><br>Recurrida<br><br>v.<br><br>LUMA ENERGY, LLC.; LUMA ENERGY SERVCO, LLC.<br><br>Recurrente | TA2025RA00413 | *Revisión Administrativa* procedente de la Junta Reglamentadora de Servicio Público, Negociado de Energía de Puerto Rico<br><br>Caso Núm. NEPR-QR-2025-0196<br><br>Sobre: Incumplimiento con la Ley de Transformación y |

|  | Alivio Energético, Ley 57-2014, según enmendada, y la Ley de Política Pública Energética, Ley Núm. 17-2019 |
| --- | --- |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de febrero de 2026.

Compareció LUMA Energy, LLC y LUMA Energy ServCo, LLC (en conjunto, "LUMA" o "recurrente") mediante los tres recursos de revisión administrativa siguientes: (i) TA2025RA00345, presentado el 12 de noviembre de 2025; (ii) TA2025RA00396, presentado el 11 de diciembre de 2025; y (iii) TA2025RA00413, presentado el 22 de diciembre de 2025. En síntesis, nos solicita la revocación de tres dictámenes interlocutorios emitidos en distintas fechas por el Negociado de Energía de Puerto Rico (en adelante, "Negociado de Energía"). En los aludidos dictámenes, el Negociado de Energía denegó las solicitudes de desestimación presentadas por LUMA respecto a tres querellas independientes instadas por la Oficina Independiente de Protección al Consumidor (en adelante, "OIPC" o "recurrida").

En vista de que los tres recursos se encuentran relacionados, ordenamos previamente su consolidación. Por los fundamentos que expondremos a continuación, se **desestiman** los recursos consolidados de epígrafe por falta de jurisdicción.

**-I-**

La OIPC presentó tres querellas individuales contra LUMA ante el Negociado de Energía. La primera querella consistió en solicitar una orden de cese y desista sobre las gestiones de cobro relacionadas con el cargo de $300.00 por concepto de estudios

suplementarios de sistemas de generación distributiva.[1] En la segunda querella, la OIPC compareció en representación del Sr. Javier Sierra Vázquez y reclamó solucionar el problema de alto voltaje en el servicio eléctrico.[2] Por último, la tercera querella, en representación de la Sra. Ana M. Pedraza Vázquez, consistió en una denuncia de problemas en el servicio eléctrico por fluctuaciones de voltaje.[3]

Consecuentemente, el Negociado de Energía expidió tres citaciones a favor de LUMA correspondiente a cada querella.[4] Así pues, la OIPC diligenció las mencionadas citaciones a través de los correos electrónicos siguientes: legal@lumapr.com y PREBorders@lumapr.com (entre otros).[5]

En oposición a cada querella, LUMA presentó una solicitud de desestimación mediante la cual adujo que procedía su desestimación por falta de notificación adecuada.[6] En esencia, alegó que no recibió notificación sobre los procedimientos a través del correo certificado como dispone el Reglamento Núm. 8543 de 18 de diciembre de 2014 de la Comisión de Energía de Puerto Rico, conocido como *Reglamento de Procedimiento Adjudicativos, Avisos de Incumplimiento, Revisión de Tarifas e Investigaciones* (en adelante, "Reglamento Núm. 8543"), sino que se le notificó por correo electrónico.

Ante esto, el Negociado de Energía emitió tres dictámenes interlocutorios —a través de tres oficiales examinadores distintos—

---

[1] Véase, SUMAC-TA, recurso núm. TA2025RA00345, entrada núm. 1, anejo 3.

[2] Véase, SUMAC-TA, recurso núm. TA2025RA00396, entrada núm. 1, anejo 1.

[3] Véase, SUMAC-TA, recurso núm. TA2025RA00413, entrada núm. 1, anejo 1.

[4] Véase, SUMAC-TA, recurso núm. TA2025RA00345, entrada núm. 1, anejo 4; SUMAC-TA, recurso núm. TA2025RA00396, entrada núm. 1, anejo 2; SUMAC-TA, recurso núm. TA2025RA00413, entrada núm. 1, anejo 2.

[5] Véase, SUMAC-TA, recurso núm. TA2025RA00345, entrada núm. 1, anejo 5; SUMAC-TA, recurso núm. TA2025RA00396, entrada núm. 1, anejo 3; SUMAC-TA, recurso núm. TA2025RA00413, entrada núm. 1, anejo 3.

[6] Véase, SUMAC-TA, recurso núm. TA2025RA00345, entrada núm. 1, anejo 2; SUMAC-TA, recurso núm. TA2025RA00396, entrada núm. 1, anejo 6; SUMAC-TA, recurso núm. TA2025RA00413, entrada núm. 1, anejo 6.

en los cuales denegó desestimar las tres querellas presentadas contra LUMA.[7]

Inconforme, el 12 de noviembre de 2025, LUMA acudió ante nos mediante el recurso TA2025RA00345 y esbozó el señalamiento de error siguiente:

> Erró el Negociado al denegar la solicitud de desestimación por falta de notificación adecuada de la Querella y ordenar que se conteste la Querella sin haber adquirido jurisdicción sobre la Recurrente-Querellada LUMA.

Luego, el 11 de diciembre de 2025, LUMA interpuso otro recurso de revisión administrativa con alfanumérico TA2025RA00396 y señaló la comisión de los errores siguientes:

> Erró el Negociado de Energía de Puerto Rico al dictar una Resolución Interlocutoria, en violación a la Ley Núm. 16-2025, por no haberse perfeccionado su jurisdicción para atender el asunto y en violación al debido proceso de ley sustantivo y procesal de LUMA.

Asimismo, el 22 de diciembre de 2025, LUMA presentó un tercer recurso con alfanumérico TA2025RA00413 en el cual hizo el señalamiento de error siguiente:

> Erró el Negociado de Energía de Puerto Rico al dictar una Orden e instruirle a la Parte Recurrente a presentar su alegación responsiva a la Querella conforme al Reglamento Núm. 8543, en clara violación no solo a la Ley Núm. 16-2025, por no haberse perfeccionado su jurisdicción para atender el asunto, sino en violación al debido proceso de ley sustantivo y procesal de LUMA.

El 21 de enero de 2026, emitimos una *Resolución* en la cual ordenamos la consolidación de los recursos TA2025RA00345, TA2025RA00396 y TA2025RA00413, por estar relacionados.

Por su parte, la OIPC presentó su *Moción de desestimación y alegato en oposición al recurso de revisión judicial* respecto a cada recurso consolidado.[8]

---

[7] Véase, SUMAC-TA, recurso núm. TA2025RA00345, entrada núm. 1, anejo 1; SUMAC-TA, recurso núm. TA2025RA00396, entrada núm. 1, anejo 8; SUMAC-TA, recurso núm. TA2025RA00413, entrada núm. 1, anejo 8.

[8] Véase, SUMAC-TA, recurso núm. TA2025RA00345, entrada núm. 4; SUMAC-TA, recurso núm. TA2025RA00396, entrada núm. 9; SUMAC-TA, recurso núm. TA2025RA00413, entrada núm. 8.

Así pues, perfeccionados todos los recursos consolidados, procedemos a exponer la normativa jurídica aplicable a las controversias ante nuestra consideración.

**-II-**

**A. La revisión judicial y la jurisdicción apelativa**

La LPAU dispone que las decisiones administrativas pueden ser revisadas por el Tribunal de Apelaciones. 3 LPRA sec. 9671. **Como cuestión de derecho, la revisión judicial será sobre las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas**. 3 LPRA sec. 9676. Por ende, una orden o resolución interlocutoria de una agencia, no será revisable directamente, pues podrá ser objeto de señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia. 3 LPRA sec. 9672. El propósito de tales disposiciones consiste en delimitar la discreción de los foros administrativos para asegurar que estos ejerzan sus funciones razonablemente y conforme a la ley. *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 99, 113-114 (2023).

Sin embargo, **el tribunal podrá relevar a un peticionario de tener que agotar los remedios administrativos cuando** dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando **sea un caso claro de falta de jurisdicción de la agencia**, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa. 3 LPRA sec. 9673.

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto

vinculante para las partes. *MCS Advantage, Inc. v. Fossas Blanco*, 211 DPR 135, 144 (2023). Así pues, los tribunales estamos emplazados a ser fieles guardianes de nuestra jurisdicción y carecemos de discreción para asumirla donde no la hay. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por ende, la falta de jurisdicción tiene los siguientes efectos:

> (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.

*Fuentes Bonilla v. ELA*, 200 DPR 364, 372-373 (2018).

Cónsono con lo anterior, la Regla 56 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 80, 216 DPR __ (2025), dispone que en nuestra jurisdicción **las revisiones administrativas se limitan a determinaciones de carácter final.** Entiéndase por ello, aquellas que ponen fin a los procedimientos en un foro determinado y que tienen efecto sustancial para las partes. *AAA v. UIA*, 200 DPR 903, 912 (2018). **No obstante, el Tribunal Supremo ha reconocido como excepción a la norma de finalidad aquellas situaciones en las que se vislumbra una clara falta de jurisdicción de la agencia administrativa**. *AAA v. UIA*, 200 DPR 903, 915 (2018). *AAA v. UIA*, 199 DPR 638, 658 (2018); *Comisionado Seguros v. Universal*, 167 DPR 21, 30 (2006). De acuerdo con ello, un tribunal puede preterir el trámite administrativo cuando se impugne la jurisdicción de la agencia y de las alegaciones se deduzca claramente que esta carece de jurisdicción. *AAA v. UIA*, supra, pág. 916. Dicha premisa parte de que, si una agencia no tiene jurisdicción para adjudicar una controversia, su actuación sería *ultra vires* y, por tanto, resultaría

injusto requerir a una parte litigar su caso ante la agencia, únicamente para cumplir con el requisito de finalidad. *Íd.*

Sin embargo, el Tribunal Supremo aclaró que no todas las alegaciones de ausencia de jurisdicción tienen el efecto de eximir a una parte de agotar los procedimientos ante una agencia administrativa, y que esto tampoco implica que la excepción se aplicará de manera automática. *Íd.*, pág. 916. Solo en aquellos casos en que la agencia carece realmente de jurisdicción es que el proceso administrativo se convierte en final y es entonces que el Tribunal de Apelaciones puede revisar el asunto interlocutorio. *Íd.*, pág. 917.

Para ello, **nuestro Tribunal Supremo adoptó tres criterios a considerarse ante un señalamiento de ausencia de jurisdicción de la agencia administrativa**: (1) el riesgo de que se ocasione un daño irreparable si el tribunal pospone su intervención; (2) el grado de claridad con que surja la carencia o tenencia de jurisdicción; (3) la pericia que tenga la agencia para dilucidar las cuestiones jurisdiccionales. *Íd.*, pág. 917. *Colón v. Méndez, Dpto. Recursos Naturales*, 130 DPR 433, 444 (1992); *Vélez Ramírez v. Romero Barceló*, 112 DPR 716, 723.

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

-III-

En los recursos consolidados de epígrafe, LUMA esbozó un total de tres (3) señalamientos de error los cuales se discutirán en conjunto. En síntesis, LUMA sostiene que el Negociado de Energía erró al denegar la desestimación de las tres (3) querellas presentadas en su contra, toda vez que hubo su notificación fue defectuosa. Por lo que, sostiene que el Negociado de Energía no tiene jurisdicción sobre su persona. Nótese que, el argumento de LUMA está anclado al mecanismo de la notificación y no en la falta real de notificación.

Es decir, LUMA no niega haber recibido la notificación, sino que su argumento consiste meramente en que se debió canalizar la notificación por correo certificado y no por correo electrónico.

Ante el planteamiento anterior y en cumplimiento con nuestro deber ministerial, procedemos a examinar la jurisdicción que ostentamos para atender los recursos consolidados que nos ocupan.

Según expusimos en el derecho aplicable, este Tribunal de Apelaciones está facultado para revisar **determinaciones finales** de las agencias administrativas. Solo contadas excepciones cuando se alega un asunto de clara falta de jurisdicción de la agencia es que el asunto interlocutorio se convierte en final. Sin embargo, no es de aplicación automática. Para ello, debemos aplicar el estándar adoptado por el Tribunal Supremo y evaluar: (1) el riesgo de que se ocasione un daño irreparable si el tribunal pospone su intervención; (2) el grado de claridad con que surja la carencia o tenencia de jurisdicción; (3) la pericia que tenga la agencia para dilucidar las cuestiones jurisdiccionales. *AAA v. UIA*, supra

Así pues, al evaluar los recursos consolidados, concluimos que no estamos ante una situación de clara falta de jurisdicción del Negociado de Energía que nos faculte a revisar los dictámenes interlocutorios recurridos. Veamos.

En primer lugar, consideramos que no hay un riesgo de ocasionar un daño irreparable si posponemos nuestra intervención en el caso ante nos, toda vez que las querellas serán atendidas por el Negociado de Energía y ambas partes tendrán derecho a la revisión judicial tan pronto exista una resolución final. Reiteramos que, los tres dictámenes recurridos son interlocutorios y dictados por un oficial examinador. Esto es, ni siquiera son determinaciones tomadas por el Negociado de Energía propiamente.

En segundo lugar, en el caso de epígrafe, no surge claramente la ausencia de jurisdicción. Por un lado, el Artículo 6.18 de Ley Núm.

57-2014, según enmendada, conocida como *Ley de Transformación y ALIVIO Energético*, 22 LPRA sec. 1054q, encomienda al Negociado de Energía la tarea de establecer un sistema de radicación electrónica para poder iniciar casos, así como presentar escritos y realizar notificaciones relacionadas al trámite procesal del caso. De otro lado, la Ley Núm. 16-2025 enmendó la Ley Núm. 38-2017 conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9601 *et seq.*, para añadir la sección 3.2-A con la finalidad de incorporar el uso de tecnología en los procedimientos adjudicativos. Esta disposición estatutaria permite que las notificaciones de los procedimientos adjudicativos puedan realizarse mediante correo electrónico o cualquier otra herramienta electrónica que desarrolle la agencia correspondiente.

En tercer lugar, el Negociado de Energía fue creado para precisamente conciliar y adjudicar controversias relacionadas a los servicios eléctricos y al incumplimiento con la política pública energética de Puerto Rico. Véase, Artículo 6.4 de la Ley Núm. 57-2014, según enmendada, conocida como *Ley de Transformación y ALIVIO Energético*, 22 LPRA sec. 1054c; Ley Núm. 17-2019, según enmendada, conocida como Ley de Política Pública Energética de Puerto Rico, 22 LPRA sec. 1141 *et seq.* Por lo tanto, el Negociado de Energía es la agencia con pericia para dilucidar las cuestiones jurisdiccionales.

En consideración a lo anterior y en la medida en que se nos pidió revisar unos dictámenes que no son finales, este Tribunal carece de jurisdicción para atender los recursos consolidados de epígrafe.

**-IV-**

Por los fundamentos expuestos previamente, se **desestiman** los recursos consolidados de epígrafe, por falta de jurisdicción. En

consecuencia, se devuelven ante el Negociado de Energía, para la continuación de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones